IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS TUKA, | § | |
|     PETITIONER, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-00832-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| INTERNAL REVENUE SERVICE, | § | |
| and MATTHEW P. DAVEY, Special Agent, | § | |
| IRS, | § | |
|     RESPONDENTS. | § | |

## CONCLUSIONS AND RECOMMENDATION

The District Court referred the May 16, 2008 petition to quash Internal Revenue Service third party summons of Thomas Tuka ("Petitioner") to the United States Magistrate Judge for recommendation. The Court ordered the United States of America, Internal Revenue Service, and Matthew P. Davey, Special Agent, IRS ("Respondents") to file an answer or otherwise plead because Plaintiff represented that he had served them by Certified Mail as required by 26 U.S.C. § 7609(b)(2)(B). On July 16, 2008, Respondents filed and served on Petitioner by Certified Mail a "Motion to Dismiss or Summarily Deny Petition to Quash Summons and for Enforcement of Summons" (doc. #8). The time for Petitioner to respond expired, but Petitioner failed to respond.

This is a proceeding to determine whether to enforce an IRS summons against a third-party record keeper in connection with a tax investigation. *See* 26 U.S.C. § 7603. The IRS issued a summons to Ford Motor Credit to obtain Petitioner's financial records because Petitioner failed to file income tax returns in the years 2003 through 2006. The Petition requests that, for various reasons, the IRS summons be quashed. Respondents seek dismissal of the Petition or enforcement of the summons.

## Dismissal for Improper Service

Initially, Respondents seek dismissal for improper service. Petitioner alleges that pursuant to 26 U.S.C. § 7609(b)(2)(B), he served a true copy of the Petition to Quash Internal Revenue Service Third Party Summons on Respondents by Certified Mail. Petitioner indicates that he served Respondents in March, but he fails to indicate the date. (Pet. at 5.) Respondents contend that Petitioner failed to perfect service of process because no summons have been issued pursuant to Fed. R. Civ. P. 4 (I). Until the 120-day period after the complaint is filed has expired, any attempt to seek dismissal on the grounds of defective service clearly would be premature.

## Dismissal for Untimeliness of the Petition

Respondents contend this Court lacks jurisdiction because the Petition was not timely filed. The rights to intervene and to a proceeding to quash a third party summons are set out in 26 U.S.C. § 7609(2)(B). Any person who is entitled to notice of a third party summons shall have the right to intervene in any proceeding with respect to the enforcement of the summons. 26 U.S.C. § 7609(2)(A). Further, "any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons *not later than the 20th day after the day such notice is given* in the manner provided in subsection (a)(2)." *Id*. [emphasis supplied.]

The Petition states that the third party summons indicates an issuance date of March 4, 2008 and that the envelope in which the summons was mailed is postmarked March 6, 2008. (Pet. at 2, ¶ 5.) Petitioner's certificate of service of the Petition in this case indicates he served it "the ___day of March." (Pet. at 5.) Accordingly, it appears that Petitioner had notice of the third party summons in March. More than twenty days expired before Petitioner filed the Petition in this proceeding on May 16, 2008. The Petition clearly is untimely and should be dismissed with prejudice. 26 U.S.C.

§ 7609(2)(A) and (B). Respondent's request for enforcement of the summons is moot in light of the untimeliness of the Petition requesting that the summons be quashed.

**Recommendation**

Respondents' motion to dismiss the Petition as untimely should be granted. The Petition to quash the March 4, 2008 third-party summons directed to Ford Motor Credit Company for the records of Thomas D. Tuka should be dismissed with prejudice. No impediment remains to prevent Ford Motor Credit Company from complying with the summons.

SO RECOMMENDED, August 11, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify the conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).